Jason B. Lattimore
**The Law Office of**
**JASON B. LATTIMORE, ESQ. LLC**
55 Madison Avenue, Suite 400
Morristown, NJ 07960
Telephone: (973) 998-7477
Facsimile: (973) 264-1159
Jason@Lattimorelaw.com

*Counsel for Plaintiff,*
*Bulbrite Industries, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| BULBRITE INDUSTRIES, INC, <br><br> *Plaintiff,* <br><br> v. <br><br> EDISONLED LLC. <br><br> *Defendant.* | Case No. 2:25-cv-4361 <br><br><br> **COMPLAINT FOR DECLARATORY JUDGMENT OF PATENT NON-INFRINGEMENT** |

Plaintiff Bulbrite Industries, Inc. ("Bulbrite") files this Complaint against Defendant

EdisonLED LLC ("EdisonLED") seeking declaratory relief with respect to U.S. Patent Nos.

7,560,738 ("the '738 Patent"); 8,240,881 ("the '881 Patent"); 8,492,780 ("the '780 Patent");

9,065,022 ("the '022 Patent"); 9,368,483 ("the '483 Patent"); 9,664,340 ("the '340 Patent");

10,224,455 ("the '455 Patent"); 10,281,123 ("the '123 Patent"); 10,319,703 ("the '703 Patent");

11,519,564 ("the '564 Patent"); and 11,808,436 ("the '436 Patent") (collectively referred to as

"the patents-in-suit"). True and correct copies of the patents-in-suit are attached hereto,

respectively, as Exhibits 1-11. In support of this Complaint for Declaratory Judgment, Bulbrite

alleges as follows:

1

## THE PARTIES

1.      Plaintifff Bulbrite is a family owned and operated distributor of a wide variety of lighting products, including light bulbs, fixtures, and smart lighting solutions, using various technologies including LED, smart LED, incandescent, halogen, and more.

2.      Plaintiff Bulbrite is a corporation organized and existing under the laws of the State of New Jersey with its principal place of business and headquarters at 1 Meadowlands Plaza, Suite 200, East Rutherford, NJ 07073.

3.      Defendant EdisonLED is a limited liability company organized under the laws of the State of Texas with its principal place of business at 17330 Preston Road, Suite 200D, Dallas, Texas 75252.

4.      On information and belief, EdisonLED was formed as a Texas corporation on June 6, 2024, by patent lawyers and others at the patent monetization and licensing group IP Valuation Partners LLC.  On information and belief, EdisonLED does not sell any products, does not have a website, and its only business is to acquire and litigate patents.

## NATURE OF THE ACTION

5.      This is an action for declaratory judgment under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202, and the patent laws of the United States, 35 U.S.C. § 1 et seq.

6.      Bulbrite seeks a declaration that it does not infringe any valid and enforceable claim of the patents-in-suit asserted by EdisonLED against certain Bulbrite products ("the Accused Products") in a recently filed lawsuit filed in the Northern District of Texas, styled *EdisonLED LLC v. Bulbrite Industries, Inc.*, No. 3:25-cv-00679-S (N.D. Tex.) (Mar. 20, 2025) ("the Texas Action"). A true and correct copy of EdisonLED's complaint ("the Texas

Complaint") is attached hereto as Exhibit 12.[1]

7.      Bulbrite denies EdisonLED's allegations and brings this action in its home forum, where it conducts its business operations and where the acts accused of constituting infringement occurred.

8.      Contemporaneously with this filing, Bulbrite is moving to dismiss the Texas Action for improper venue under 28 U.S.C. § 1406(a) and Federal Rule of Civil Procedure 12(b)(3), or, in the alternative, to transfer it to this District under 28 U.S.C. § 1404(a) as the appropriate and convenient forum for resolution of the dispute.

## JURISDICTION AND VENUE

9.      This is an action for declaratory judgment of non-infringement under the patent laws of the United States, 35 U.S.C. § 1 et seq., and the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

10.     This Court has personal jurisdiction over EdisonLED because EdisonLED has purposefully directed its enforcement activities toward Bulbrite in this District. Specifically, EdisonLED alleges in the Texas Action that it sent Bulbrite a cease-and-desist letter asserting infringement of at least U.S. Patent No. 7,560,738 (one of the patents-in-suit). A true and correct copy of this letter is attached hereto as Exhibit 13. EdisonLED subsequently filed the Texas Action, which included allegations of infringement of the '738 patent.

11.     This Court has subject matter jurisdiction over Bulbrite's request for declaratory judgment under 28 U.S.C. §§ 2201-02.  This action arises under the patent laws of the United States, 35 U.S.C. §§ 100 et seq., which are within the subject matter jurisdiction of this Court

_____

[1] The Accused Products are set forth in the Texas Complaint in ¶ 2.

under 28 U.S.C. §§ 1331 and 1338(a).

12.    EdisonLED's direct accusation of patent infringement and initiation of litigation against Bulbrite creates an actual and justiciable controversy between the parties, sufficient to confer specific personal jurisdiction over EdisonLED in this forum. *See SnapPower v. Lighting Defense Grp.*, 100 F.4th 1371 (Fed. Cir. 2024); *Trimble Inc. v. PerDiemCo LLC*, 997 F.3d 1147 (Fed. Cir. 2021); *Xilinx, Inc. v. Papst Licensing GmbH & Co. KG*, 848 F.3d 1346 (Fed. Cir. 2017); *PharmaNet, Inc. v. DataSci Ltd. Liability Co.*, Civ. No. 08-2965 (GEB), 2009 WL 396180 (D.N.J. Feb. 17, 2009).

13.    Venue is proper in this District under 28 U.S.C. § 1391(b)(1) and (b)(2). EdisonLED is subject to personal jurisdiction here because it purposefully directed activities and infringement allegations at Bulbrite in New Jersey, thus creating substantial contacts with this forum. Further, a substantial part of the events giving rise to this action occurred in this District, including EdisonLED's allegations of infringement directed to Bulbrite's headquarters and the resulting impact on Bulbrite's operations.

## COUNT ONE

### DECLARATION OF NON-INFRINGEMENT OF THE '738 PATENT

14.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

15.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '738 Patent, including the right to enforce the '738 Patent.

16.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '738 Patent by the Accused Product identified in its claim chart.

17.    There is an actual controversy between Bulbrite and EdisonLED as to alleged

infringement of the '738 Patent.

18.    Bulbrite has not infringed and does not infringe any claim of the '738 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

19.    Exemplary claim 1 of the '738 Patent recites:

| Limitation[2] | Claim Language |
|---|---|
| [1.0] | A light-emitting diode array comprising: |
| [1.1] | a substrate; |
| [1.2] | an adhesive layer formed on the substrate; and |
| [1.3] | a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer, each of the epitaxial light-emitting stack layers comprising a P-contact and an N-contact, wherein the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer. |

20.    By way of example, the Accused Products do not satisfy at least limitation [1.3] of the '738 Patent.

21.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer, each of the epitaxial light-emitting stack layers comprising a P-contact and an N-contact, wherein the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer":

---

[2] The claim limitation numbering used here and throughout follows the numbering scheme used by EdisonLED in its "exemplary claim charts."

| **[1.3]** a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer, each of the epitaxial light-emitting stack layers comprising a P-contact and an N-contact, wherein the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer, each of the epitaxial light-emitting stack layers comprising a P-contact and an N-contact, wherein the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer.<br><br>For example, shown below is a top view of the example light-emitting diode array from the Bulbrite Clear A19 2700K 8.5W Bulb that identifies a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer. |
| --- | --- |
|  | <br><br>As further shown below, each of the epitaxial light-emitting stack layers comprises a P-contact and an N-contact, where the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer.<br><br> |

22.    The identified portions of this Accused Product are not "a plurality of electrically connected epitaxial light-emitting stack layers disposed on the adhesive layer" as those terms would be understood by a person of ordinary skill in the art in view of the '738 Patent, since any alleged "light-emitting stack layers" are not "disposed on the [alleged] adhesive layer." *See, e.g.,* '738 Patent at 2:58-3:9, 3:39-48, 3:55-4:22; Figs. 1-2.

23.    Additionally, the identified portions of this Accused Product do not include "a P-contact and an N-contact, wherein the P-contact and the N-contact are disposed on the same side of the epitaxial light-emitting stack layer," since the alleged "P-contact" and "N-contact" are on opposite sides of the alleged "epitaxial light-emitting stack layer." *See, e.g.,* '738 Patent at 3:16-

25; Fig. 1.

24.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.3].

25.    These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '738 Patent.

26.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '738 Patent pursuant to Title 35 of the United States Code.

## COUNT TWO

### DECLARATION OF NON-INFRINGEMENT OF THE '881 PATENT

27.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

28.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '881 Patent, including the right to enforce the '881 Patent.

29.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '881 Patent by the Accused Product identified in its claim chart.

30.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '881 Patent.

31.    Bulbrite has not infringed and does not infringe any claim of the '881 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

32.    Exemplary claim 1 of the '881 Patent recites:

| Limitation | Claim Language |
|------------|----------------|
| [1.0] | A light-emitting device package comprising: |

| [1.1] | a carrier having a platform; and |
| --- | --- |
| [1.2] | a light-emitting device comprising: |
| [1.3] | a transparent substrate having a first surface and a second surface; and |
| [1.4] | a light-emitting structure formed on the first surface of the transparent substrate, |
| [1.5] | wherein the light-emitting structure comprises at least a growth substrate and an active layer with p-n junction formed on the growth substrate, and |
| [1.6] | an angle between the first surface of the transparent substrate and the platform is 45-135 degree. |

33.    By way of example, the Accused Products do not satisfy at least limitations [1.1] and [1.6] of the '881 Patent.

34.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a carrier having a platform":

| **[1.1]** a carrier having a platform; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a carrier having a platform. |
| --- | --- |
| | For example, a Bulbrite Clear A19 2700K 8.5W Bulb is shown below with a carrier having a platform identified:  |

35.    The identified portions of this Accused Product are neither a "carrier" nor a "platform" as those terms would be understood by a person of ordinary skill in the art in view of the '881 Patent. *See, e.g.,* '881 Patent at 1:46-51, 2:4-7, 3:39-4:19; Figs. 1, 6-8.

36.     Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.1].

37.     EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a transparent substrate having a first surface and a second surface" where "an angle between the first surface of the transparent substrate and the platform is 45-135 degree":

| [1.6] an angle between the first surface of the transparent substrate and the platform is 45-135 degree. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a light-emitting device where an angle between the first surface of the transparent substrate and the platform is 45-135 degree.<br><br>For example, shown below is a Bulbrite Clear A19 2700K 8.5W Bulb with a light-emitting device where an angle between the first surface of the transparent substrate and the platform is 45-135 degree: |
| --- | --- |
|  |  |

38.     The identified portion of this Accused Product is not a "platform" as that term would be understood by a person of ordinary skill in the art in view of the '881 Patent. *See, e.g.,* '881 Patent at Abstract, 3:41-48.

39.     Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.6] requiring that "an angle between the first surface of the transparent substrate and the platform is 45-135 degree."

40.     These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '881 Patent.

41.     Bulbrite seeks and is entitled to a declaration of non-infringement of the '881 Patent pursuant to Title 35 of the United States Code.

## COUNT THREE

### DECLARATION OF NON-INFRINGEMENT OF THE '780 PATENT

42.     Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

43.     EdisonLED purports to be the owner of all rights, title, and interest in and to the '780 Patent, including the right to enforce the '780 Patent.

44.     EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '780 Patent by the Accused Product identified in its claim chart.[3]

45.     There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '780 Patent.

46.     Bulbrite has not infringed and does not infringe any claim of the '780 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

47.     Exemplary claim 1 of the '780 Patent recites:

| Limitation | Claim Language |
|------------|----------------|
| [1.0] | A light emitting device comprising: |
| [1.1] | a substrate, wherein the substrate comprises a first major surface, a second major surface, and a sidewall; and |

---

[3] EdisonLED's Texas Complaint includes "exemplary claim charts" that provide infringement contentions for only one product per chart and asserts, without additional detail, that other Accused Products infringe in the same manner. Bulbrite accordingly responds to the allegations for the specifically charted product in each case and asserts that none of the Accused Products infringe. Bulbrite does not concede that any single product is representative of the others or that EdisonLED's grouping is proper.

| [1.2] | a light emitting stack layer formed on the first major surface of the substrate, comprising a first conductive-type semiconductor layer, an active layer and a second conductive-type semiconductor layer; |
|---|---|
| [1.3] | wherein the sidewall of the substrate comprises a first area and a second area; |
| [1.4] | wherein the morphology of the first area is substantially flat and the morphology of the second area is substantially textured. |

48.     By way of example, the Accused Products do not satisfy at least limitation [1.4] of the '780 Patent.

49.     EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a substrate" with "a sidewall" "wherein the sidewall of the substrate comprises a first area and a second area" and "wherein the morphology of the first area is substantially flat and the morphology of the second area is substantially textured":

| **[1.3]** wherein the sidewall of the substrate comprises a first area and a second area; | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a substrate that includes a sidewall, where the sidewall of the substrate comprises a first area and a second area.<br><br>For example, shown below is an SEM image that identifies the sidewall from the Bulbrite Clear A19 2700K 8.5W Bulb that includes a first area and a second area. |
|---|---|
|  |  |
| **[1.4]** wherein the morphology of the first area is substantially flat and the morphology of the second area is substantially textured. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a substrate that includes a sidewall, where the morphology of the first area is substantially flat and the morphology of the second area is substantially textured.<br><br>For example, shown above is an SEM image that identifies the sidewall from the Bulbrite Clear A19 2700K 8.5W Bulb that includes a first area and a second area. *See* 1.3.<br><br>As shown in more detail below, the morphology of the first area is substantially flat and the morphology of the second area is substantially textured. |

11



50.     This identified portions of this Accused Product do not contain a "second area" with a "morphology [that] is substantially textured" as those terms would be understood by a person of ordinary skill in the art in view of the '780 Patent. *See, e.g.,* '780 Patent at 3:45-59, 4:30-40; Figs. 4-7.

51.     Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.4].

52.     These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '780 Patent.

53.     Bulbrite seeks and is entitled to a declaration of non-infringement of the '780 Patent pursuant to Title 35 of the United States Code.

## COUNT FOUR

### DECLARATION OF NON-INFRINGEMENT OF THE '022 PATENT

54.     Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

55.     EdisonLED purports to be the owner of all rights, title, and interest in and to the '022 Patent, including the right to enforce the '022 Patent.

56.     EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '022 Patent by the Accused Product identified in its claim chart.

57.     There is an actual controversy between Bulbrite and EdisonLED as to alleged

infringement of the '022 Patent.

58.    Bulbrite has not infringed and does not infringe any claim of the '022 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

59.    Exemplary claim 1 of the '022 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light emitting apparatus, comprising: |
| [1.1] | at least one light emitting device, including: |
| [1.2] | a substrate, having a support surface; and |
| [1.3] | at least one light emitting diode chip comprising a plurality of light emitting surfaces, disposed on said support surface of said substrate, |
| [1.4] | one of said light emitting surfaces and said support surface forming a first main surface, |
| [1.5] | wherein a light emitting angle of said light emitting diode chip is wider than 180°, and a portion of light emitted by said light emitting diode chip penetrates into said substrate from said support surface and emerges from a second main surface of said substrate opposing said first main surface; and |
| [1.6] | a support base, coupled to said light emitting device, and forming a first angle with said substrate. |

60.    By way of example, the Accused Products do not satisfy at least limitations [1.3], [1.5], and [1.6] of the '022 Patent.

61.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "at least one light emitting diode chip comprising a plurality of light emitting surfaces":

| | |
|---|---|
| **[1.3]** at least one light emitting diode chip comprising a plurality of light emitting surfaces, disposed on said support surface of said substrate, | The Bulbrite Clear A19 2700K 8.5W Bulb comprises at least one light emitting device that includes at least one light emitting diode chip comprising a plurality of light emitting surfaces disposed on the support surface of the substrate.<br><br>For example, shown below is an SEM image of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb with a light emitting diode chip that includes a plurality of light emitting surfaces disposed on the support surface of the substrate identified: |
| |  |

62. The identified portions of the "light emitting diode chips" in this Accused Product do not contain "a plurality of light emitting surfaces" as those terms would be understood by a person of ordinary skill in the art in view of the '022 Patent. *See, e.g.,* '022 Patent at 3:4-17, 5:2-12; Figs. 1, 6. On information and belief, and to the extent that the alleged "light emitting diode chips" in the Accused Product contain a "light emitting surface," they do not contain "a plurality of light emitting surfaces."

63. Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.3].

64. EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a light emitting angle of said light emitting diode chip is wider than 180°, and a portion of light emitted by said light emitting diode chip penetrates into said substrate from said support surface and emerges from a second main surface of said substrate opposing said first main surface":

| | |
|---|---|
| **[1.5]** wherein a light emitting angle of said light emitting diode chip is wider than 180°, and a portion of light emitted by said light emitting diode chip penetrates into said substrate from said support surface and emerges from a second main surface of said substrate opposing said first main surface; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises at least one light emitting device where a light emitting angle of the light emitting diode chip is wider than 180°, and a portion of light emitted by the light emitting diode chip penetrates into the substrate from the support surface and emerges from a second main surface of the substrate opposing said first main surface.<br><br>For example, shown below is an SEM image of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb where a light emitting angle of the light emitting diode chip is |
| | wider than 180°, and a portion of light emitted by the light emitting diode chip penetrates into the substrate from the support surface and emerges from a second main surface of the substrate opposing said first main surface:<br><br><br><br>As another example, shown below is the Bulbrite Clear A19 2700K 8.5W Bulb where a portion of light emitted by the light emitting diode chip penetrates into the substrate from the support surface and emerges from a second main surface of the substrate opposing said first main surface: |
| |  |

65.     The "light emitting angle of said light emitting diode chip" is not "wider than 180°" and "a portion of light emitted by said light emitting diode chip" does not "penetrate[] into said substrate from said support surface" or "emerge[] from a second main surface of said substrate opposing said first main surface," as those terms would be understood by a person of ordinary skill in the art in view of the '022 Patent. This is apparent from EdisonLED's own claim

chart, which does not show light emitting from any "light emitting diode chip" at an angle "wider than 180°," and does not show a "portion of light" "penetrat[ing] into said substrate" or "emerg[ing] from a second main surface of said substrate opposing said first main surface." *See, e.g.,* '022 Patent at 3:10-17.

66.      EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a support base, coupled to said light emitting device, and forming a first angle with said substrate":

| **[1.6]** a support base, coupled to said light emitting device, and forming a first angle with said substrate. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a support base, coupled to the light emitting device, and forming a first angle with the substrate. |
|---|---|
| | For example, shown below is the Bulbrite Clear A19 2700K 8.5W Bulb with a support base that is coupled to the light emitting device identified and forming a first angle with the substrate: |



67.      This identified portion of this Accused Product is not a "support base" as that term would be understood by a person of ordinary skill in the art in view of the '022 Patent. *See, e.g.,* '022 Patent at 4:31-5:35, 6:18-67; Figs. 4-9, 12-14.

68.      Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.6].

69.      These allegations give rise to an actual and justiciable controversy between

Bulbrite and EdisonLED as to the non-infringement of the '022 Patent.

70.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '022 Patent pursuant to Title 35 of the United States Code.

## COUNT FIVE

### DECLARATION OF NON-INFRINGEMENT OF THE '483 PATENT

71.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

72.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '483 Patent, including the right to enforce the '483 Patent.

73.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '483 Patent by the Accused Product identified in its claim chart.

74.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '483 Patent.

75.    Bulbrite has not infringed and does not infringe any claim of the '483 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

76.    Exemplary claim 1 of the '483 Patent recites:

| Limitation | Claim Language |
|------------|----------------|
| [1.0] | An illumination device, comprising: |
| [1.1] | a supporting base having a symmetrical center; and |
| [1.2] | a plurality of semiconductor light emitting elements disposed on the supporting base and around the symmetrical center; and |
| [1.3] | a plurality of supports disposed between the plurality of semiconductor light emitting elements and the supporting base, wherein the plurality of semiconductor light emitting elements are respectively disposed on one end of |

| | the supports; |
|---|---|
| [1.4] | wherein each of the semiconductor light emitting elements comprises: a substrate, having a support surface and a second main surface disposed opposite to each other; and |
| [1.5] | a plurality of light emitting diode (LED) structures disposed on the support surface of the substrate, wherein at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element; |
| [1.6] | wherein the plurality of semiconductor light emitting elements is tilted corresponding to the supporting base for decreasing shadow of lighting effect. |

77.    By way of example, the Accused Products do not satisfy at least limitations [1.1], [1.2], [1.5], and [1.6] of the '483 Patent.

78.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a supporting base having a symmetrical center":

| **[1.1]** a supporting base having a symmetrical center; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a supporting base having a symmetrical center. |
|---|---|
| | For example, a Bulbrite Clear A19 2700K 8.5W Bulb is shown below with a supporting base having a symmetrical center identified:<br><br> |

79.    The identified portion of this Accused Product is not a "supporting base having a

symmetrical center" as those terms would be understood by a person of ordinary skill in the art in view of the '483 Patent. *See, e.g.,* '483 Patent at 11:22-46, 12:1-12, 12:42-55, 13:19-15:67, 16:66-20:19; Figs. 11-12, 15, 17-25, 33-40.

80.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.1].

81.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a plurality of semiconductor light emitting elements disposed on the supporting base and around the symmetrical center":

| [1.2] a plurality of semiconductor light emitting elements disposed on the supporting base and around the symmetrical center; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a plurality of semiconductor light emitting elements disposed on the supporting base and around the symmetrical center.<br><br>For example, a Bulbrite Clear A19 2700K 8.5W Bulb is shown below with a plurality of semiconductor light emitting elements disposed on the supporting base and around the symmetrical center identified: |
| --- | --- |
|  |  |

82.    This identified "plurality of semiconductor light emitting elements" in this Accused Product are not "disposed on the supporting base" as those terms would be understood by a person of ordinary skill in the art in view of the '483 Patent. *See, e.g.,* '483 Patent at 12:45-

50, 13:40-45, 15:61-66; Figs. 12, 18.

83.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.2].

84.    EdisonLED asserted in its claim chart that the Accused Product identified in the claim chart includes "a plurality of light emitting diode (LED) structures disposed on the support surface of the substrate, wherein at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element":

| [1.5] a plurality of light emitting diode (LED) structures disposed on the support surface of the substrate, wherein at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element; | In the Bulbrite Clear A19 2700K 8.5W Bulb, each of the semiconductor light emitting elements comprises a plurality of light emitting diode (LED) structures disposed on the support surface of the substrate, wherein at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element.<br><br>For example, shown below is an SEC image of one of the plurality of semiconductor light emitting elements with a plurality of light emitting diode (LED) structures disposed on the support surface of the substrate identified. |
| | <br><br>As further shown above, at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element.<br><br>To further illustrate, shown below are a plurality of semiconductor light emitting elements from a Bulbrite Clear A19 2700K 8.5W Bulb where at least a part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emerges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element. |



85.    No "part of light directly emitted from at least one of the LED structure directly inserts into the substrate through the support surface and emeges from the second main surface, so as to provide bidirectional light emitting function of the semiconductor light emitting element" as those terms would be understood by a person of ordinary skill in the art in view of the '483 Patent. This is apparent from EdisonLED's own claim chart, which does not show any "part of light directly emitted from at least one of the LED structure" as "directly insert[ed] into the substrate through the support surface" or "emerg[ing] from the second main surface." *See, e.g.,* '483 Patent at 7:25-27, 10:45-54, 12:19-28.

86.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.5].

87.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "the plurality of semiconductor light emitting elements" that are "tilted corresponding to the supporting base for decreasing shadow of lighting effect":

| [1.6] wherein the plurality of semiconductor light emitting elements is tilted corresponding to the supporting base for decreasing shadow of lighting effect. | In the Bulbrite Clear A19 2700K 8.5W Bulb, the plurality of semiconductor light emitting elements are tilted corresponding to the supporting base for decreasing shadow of lighting effect.<br><br>For example, shown below is a Bulbrite Clear A19 2700K 8.5W Bulb with the plurality of semiconductor light emitting elements identified. As shown, each of the plurality of semiconductor light emitting elements is tilted corresponding to the supporting base for decreasing shadow of lighting effect. |
|---|---|
| |  |

88. The identified portion of this Accused Product does not include a "supporting base" as that term would be understood by a person of ordinary skill in the art in view of the '881 Patent. *See, e.g.,* '483 Patent at 11:22-15:60, 16:66-20:19; Figs. 11-25, 33-40.

89. This identified portion of this Accused Product are not a "tilted corresponding to the supporting base for decreasing shadow of lighting effect" as those terms would be understood by a person of ordinary skill in the art in view of the '483 Patent. *See, e.g.,* '483 Patent at 17:28-18:28, 19:30-20:8; Figs. 33-37, 39-40.

90. Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.6].

91. These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '483 Patent.

92. Bulbrite seeks and is entitled to a declaration of non-infringement of the '483

Patent pursuant to Title 35 of the United States Code.

## COUNT SIX

### DECLARATION OF NON-INFRINGEMENT OF THE '340 PATENT

93.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

94.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '340 Patent, including the right to enforce the '340 Patent.

95.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '340 Patent by the Accused Product identified in its claim chart.

96.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '340 Patent.

97.    Bulbrite has not infringed and does not infringe any claim of the '340 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

98.    Exemplary claim 1 of the '340 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light-emitting device, comprising: |
| [1.1] | a carrier having a top surface and a bottom surface; |
| [1.2] | a first electrode having a first part formed on the top surface, and a second part formed on the bottom surface; |
| [1.3] | a second electrode having a third part formed on the top surface, wherein the first part and the third part are arranged at two opposite sides of the carrier; |
| [1.4] | a first light-emitting unit disposed on the top surface and electrically connected to the first electrode; and |
| [1.5] | a transparent body covering the first part, the second part, the third part and the |

| | first light-emitting unit. |
|---|---|

99.    By way of example, the Accused Products do not satisfy at least limitations [1.2] and [1.5] of the '340 Patent.

100.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first electrode having a first part formed on the top surface, and a second part formed on the bottom surface":

| [1.2] a first electrode having a first part formed on the top surface, and a second part formed on the bottom surface; | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a first electrode having a first part formed on the top surface, and a second part formed on the bottom surface.<br><br>For example, shown below is a top view of a light-emitting device from the Bulbrite Clear A19 2700K 8.5W Bulb with a first electrode having a first part formed on the top surface and a second part (e.g., below the light-emitting unit) formed on the bottom surface identified: |
|---|---|
| |  |

101.    The identified portions of this Accused Product do not include "a first electrode having … a second part formed on the bottom surface" as those terms would be understood by a person of ordinary skill in the art in view of the '340 Patent. This is apparent from EdisonLED's own claim chart, which does not show "a second part formed on the bottom surface."

102.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.2].

103.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a transparent body covering the first part, the second part, the third part and the first light-emitting unit":

| [1.5] a transparent body covering the first part, the second part, the third part and the first light-emitting unit. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a transparent body covering the first part, the second part, the third part and the first light-emitting unit.<br><br>For example, shown below is an SEM image of the light-emitting device from the Bulbrite Clear A19 2700K 8.5W Bulb with a transparent body covering the first part, the second part, the third part and the first light-emitting unit identified: |
| --- | --- |
| |  |

104.    Phosphors are not "a transparent body" as this term would be understood by a person of ordinary skill in the art in view of the '340 Patent.

105.    The "transparent body" identified by EdisonLED is a phosphor coating surrounding the identified "light-emitting unit" not containing a "transparent layer" as that term is used and would be understood by a person of ordinary skill in the art in view of the '340 Patent. *See, e.g.,* '340 Patent at 4:48-62.

106.    The identified portions of this Accused Product do not include "a transparent body covering the first part, the second part, the third part and the first light-emitting unit" as those terms would be understood by a person of ordinary skill in the art in view of the '340 Patent.

107.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.5].

108.    These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '340 Patent.

109.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '340 Patent pursuant to Title 35 of the United States Code.

## COUNT SEVEN

### DECLARATION OF NON-INFRINGEMENT OF THE '455 PATENT

110.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

111.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '455 Patent, including the right to enforce the '455 Patent.

112.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '455 Patent by the Accused Product identified in its claim chart.

113.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '455 Patent.

114.    Bulbrite has not infringed and does not infringe any claim of the '455 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

115.    Exemplary claim 1 of the '455 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light emitting device, comprising: |
| [1.1] | an epitaxial structure comprising an active layer; |
| [1.2] | a transparent substrate having a top surface being not less than 1.6 times an area of the active layer; |
| [1.3] | a first transparent layer, directly connected to the transparent substrate and comprising a widest width smaller than that of the transparent substrate and larger than that of the epitaxial structure; |
| [1.4] | a second transparent layer, made of oxygen and only one metallic element, arranged between the first transparent layer and the epitaxial structure; and |
| [1.5] | a first electrode arranged on the first transparent layer and the second transparent layer which are not covered by the active layer, |

| | |
|---|---|
| [1.6] | wherein the second transparent layer and the transparent substrate have outmost sidewalls which are not coplanar with each other. |

116.    By way of example, the Accused Products do not satisfy at least limitations [1.4] and [1.5] of the '455 Patent.

117.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a second transparent layer, made of oxygen and only one metallic element, arranged between the first transparent layer and the epitaxial structure":

| | |
|---|---|
| **[1.4]** a second transparent layer, made of oxygen and only one metallic element, arranged between the first transparent layer and the epitaxial structure; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a second transparent layer, made of oxygen and only one metallic element, arranged between the first transparent layer and the epitaxial structure.<br><br>For example, shown below is an SEM image of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb with a second transparent layer arranged between the first transparent layer and the epitaxial structure identified:<br><br><br><br>As shown below, the aforementioned second transparent layer is made of oxygen and only one metallic element. |

27



118. The identified portions of this Accused Product do not contain a "a second transparent layer … arranged between the first transparent layer and the epitaxial structure" as those terms would be understood by a person of ordinary skill in the art in view of the '455 Patent, because at least the identified "second transparent layer" is not "between the first transparent layer and the epitaxial structure." *See, e.g.,* '455 Patent at 3:41-48, 5:55-62; Figs. 2, 7.

119. Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.4].

120. EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first electrode arranged on the first transparent layer and the second transparent layer which are not covered by the active layer":

| **[1.5]** a first electrode arranged on the first transparent layer and the second transparent layer which are not covered by the active layer, | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a first electrode arranged on the first transparent layer and the second transparent layer which are not covered by the active layer. |
|---|---|
| | For example, shown below is an SEM image of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb with a first electrode arranged on the first transparent layer and the second transparent layer identified: |
| |  |
| | As another example, shown below is an SEM image of a top view of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb with a first electrode arranged on the first transparent layer and the second transparent layer identified: |
| |  |
| | As shown, the aforementioned first electrode is not covered by the active layer. |

121.    The identified portions of this Accused Product do not include "a first electrode arranged on the first transparent layer and the second transparent layer which are not covered by the active layer" as those terms would be understood by a person of ordinary skill in the art in view of the '455 Patent. On information and belief, and to the extent the Accused Product contains "a first electrode," a "first transparent layer," and a "second transparent layer," it is apparent from EdisonLED's own claim chart that the "first electrode" is not "arranged on the first transparent layer and the second transparent layer." *See, e.g.,* '455 Patent at 3:31-36, 5:48-52, Figs. 2, 7.

122.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.5].

123. These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '455 Patent.

124. Bulbrite seeks and is entitled to a declaration of non-infringement of the '455 Patent pursuant to Title 35 of the United States Code.

## COUNT EIGHT

### DECLARATION OF NON-INFRINGEMENT OF THE '123 PATENT

125. Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

126. EdisonLED purports to be the owner of all rights, title, and interest in and to the '123 Patent, including the right to enforce the '123 Patent.

127. EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 11 of the '123 Patent by the Accused Product identified in its claim chart.

128. There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '123 Patent.

129. Bulbrite has not infringed and does not infringe any claim of the '123 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

130. Exemplary claim 11 of the '123 Patent recites:

| Limitation | Claim Language |
|------------|----------------|
| [11.0] | An illumination device, comprising: |
| [11.1] | a supporting base; and<br>a light-emitting element contacted with the supporting base, and comprising: |
| [11.2] | a substrate having a supporting surface and a side surface; |
| [11.3] | a LED structure disposed on the supporting surface; |

| [11.4] | a first wavelength conversion layer covering the LED structure without covering the side surface; and |
|---|---|
| [11.5] | a first connecting conductor and a second connecting conductor, located on a same side of the semiconductor light emitting element, and configured to electrically connect the LED structure. |

131.    By way of example, the Accused Products do not satisfy at least limitations [11.1], [11.4] and [11.5] of the '123 Patent.

132.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a supporting base" and "a light-emitting element contacted with the supporting base":

| **[11.1]** a supporting base; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a supporting base. |
|---|---|
| | For example, a Bulbrite Clear A19 2700K 8.5W Bulb is shown below with a supporting base identified: |
| |  |

| a light-emitting element contacted with the supporting base, and comprising: | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a light-emitting element contacted with the supporting base.<br><br>For example, a Bulbrite Clear A19 2700K 8.5W Bulb is shown below with a light-emitting element contacted with the supporting base identified:<br><br> |
| --- | --- |

133. The identified portions of this Accused Product do not include a "supporting base" or "a light-emitting element contacted with the supporting base" as those terms would be understood by a person of ordinary skill in the art in view of the '123 Patent. *See, e.g.,* '123 Patent at 7:62-8:20, 8:42-54, 9:18-31, 9:62-12:47, 14:15-55, 15:15-39; Figs. 11, 15, 17-25, 34, 36, 37-38.

134. Therefore, the Accused Products do not infringe claim 11 as they do not satisfy at least limitation [11.1].

135. EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first wavelength conversion layer covering the LED structure without covering the side surface":

| [11.4] a first wavelength conversion layer covering the LED structure without covering the side surface; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a light-emitting element that includes a first wavelength conversion layer covering the LED structure without covering the side surface. |
|---|---|
| | For example, shown below is an SEM image of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with a first wavelength conversion layer covering the LED structure identified. As shown, the first wavelength conversion layer does not cover the side surface of the substrate (e.g., one side of the light-emitting element). |
| |  |

136.    The identified portions of this Accused Product do not include "a first wavelength conversion layer covering the LED structure without covering the side surface" as those terms would be understood a person of ordinary skill in the art in view of the '123 Patent. On information and belief, and to the extent the Accused Product contains "a first wavelength conversion layer covering the LED structure," it is apparent from EdisonLED's own claim chart that the identified "first wavelength conversion layer" covers the identified "side surface."

137.    Therefore, the Accused Products do not infringe claim 11 as they do not satisfy at least limitation [11.4].

138.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first connecting conductor and a second connecting conductor, located on a same side of the semiconductor light emitting element, and configured to electrically connect the LED structure":

| [11.5] a first connecting conductor and a second connecting conductor, located on a same side of the semiconductor light emitting element, and configured to electrically connect the LED structure. | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a light-emitting element that includes a first connecting conductor and a second connecting conductor, located on a same side of the semiconductor light emitting element, and configured to electrically connect the LED structure.<br><br>For example, shown below is top view of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with a first connecting conductor and a second connecting conductor identified. As shown, the first and second connecting conductors are located on a same side of the light emitting element, and configured to electrically connect the LED structure. |
| |  |

139.    The identified portions of this Accused Product do not include "a first connecting conductor and a second connecting conductor, located on a same side of the semiconductor light emitting element," as those terms would be understood by a person of ordinary skill in the art in view of the '123 Patent. *See, e.g.,* '123 Patent at 7:28-31, 13:57-62; Figs. 10, 33.

140.    Therefore, the Accused Products do not infringe claim 11 as they do not satisfy at least limitation [11.5].

141.    These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '123 Patent.

142.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '123 Patent pursuant to Title 35 of the United States Code.

## COUNT NINE

### DECLARATION OF NON-INFRINGEMENT OF THE '703 PATENT

143.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

144.    EdisonLED purports to be the owner of all rights, title, and interest in and to the

'703 Patent, including the right to enforce the '703 Patent.

145.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '703 Patent by the Accused Product identified in its claim chart.

146.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '703 Patent.

147.    Bulbrite has not infringed and does not infringe any claim of the '703 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

148.    Exemplary claim 1 of the '703 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light bulb, comprising: |
| [1.1] | first optoelectronic unit and a second optoelectronic unit, each optoelectronic unit comprising: |
| [1.2] | a light-emitting structure comprising a side surface, a first semiconductor layer, a second semiconductor layer, and a light-emitting layer formed between the first semiconductor layer and the second semiconductor layer; and |
| [1.3] | a first bonding pad and a second bonding pad formed on the first semiconductor layer; |
| [1.4] | a conductive element connecting the first bonding pad of the first optoelectronic unit and the second bonding pad of the second optoelectronic unit, without covering the side surfaces of the first optoelectronic unit and the second optoelectronic unit; |
| [1.5] | a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light-emitting structures and the conductive element, and having a curved surface; |
| [1.6] | a first terminal and a second terminal electrically connecting the first optoelectronic unit and the second optoelectronic unit, and formed on a same side of the transparent structure; and |
| [1.7] | a cover covering the first optoelectronic unit, the second optoelectronic unit, the |

| | conductive element, and the transparent structure. |
|---|---|

149.    By way of example, the Accused Products do not satisfy at least limitations [1.5] and [1.6] of the '703 Patent.

150.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light-emitting structures and the conductive element, and having a curved surface":

| **[1.5]** a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light- | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light-emitting structures and the conductive element, and having a curved surface. |
|---|---|
| emitting structures and the conductive element, and having a curved surface; | For example, shown below is an SEM image of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light-emitting structures and the conductive element, and having a curved surface identified:<br><br><br><br>As another example, below is a cross-sectional view of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with the aforementioned transparent structure identified: |
| | |

151.    Phosphors are not "a transparent structure" as this term would be understood by a

person of ordinary skill in the art in view of the '703 Patent.

152.    The "transparent structure" identified by EdisonLED is a phosphor coating which is not "transparent" as that term is used and would be understood by a person of ordinary skill in the art in view of the '703 Patent. *See, e.g.,* '703 Patent at 5:21-44, 7:39-59; Figs. 4, 7.

153.    The identified portions of this Accused Product do not include "a transparent structure, pervious to light from the light-emitting structure, and continuously covering the light-emitting structures and the conductive element, and having a curved surface" as those terms would be understood by a person of ordinary skill in the art in view of the '703 Patent.

154.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy limitation [1.5].

155.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first terminal and a second terminal electrically connecting the first optoelectronic unit and the second optoelectronic unit, and formed on a same side of the transparent structure":

| [1.6] a first terminal and a second terminal electrically connecting the first optoelectronic unit and the second optoelectronic unit, and formed on a same side of the transparent structure; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a first terminal and a second terminal electrically connecting the first optoelectronic unit and the second optoelectronic unit, and formed on a same side of the transparent structure. |
|---|---|
| | As another example, below is a cross-sectional view of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with a first terminal and a second terminal electrically connecting the first optoelectronic unit and the second optoelectronic unit identified. As shown, the first and second terminals are formed on a same side of the transparent structure discussed above. |
| |  |

| | As another example, below is a top view of a light emitting element from a Bulbrite Clear A19 2700K 8.5W Bulb with a first terminal electrically connecting a first optoelectronic unit identified.  |
|---|---|

156. The identified portions of this Accused Product do not include "a first terminal and a second terminal … formed on a same side of the transparent structure" as those terms would be understood by a person of ordinary skill in the art in view of the '703 Patent. On information and belief, and to the extent the Accused Product contain a "transparent structure," "a first terminal" and "a second terminal," it is apparent from EdisonLED's own claim chart that these "terminals" are not "formed on … the transparent structure."

157. Further, the "terminals" are not "formed on the same side of the transparent structure" as those terms would be understood by a person of ordinary skill in the art in view of the '703 Patent. *See, e.g.,* '703 Patent at 4:19-23; Fig. 3.

158. Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.6].

159. These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '703 Patent.

160. Bulbrite seeks and is entitled to a declaration of non-infringement of the '703 Patent pursuant to Title 35 of the United States Code.

## COUNT TEN

**DECLARATION OF NON-INFRINGEMENT OF THE '564 PATENT**

161.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

162.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '564 Patent, including the right to enforce the '564 Patent.

163.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '564 Patent by the Accused Product identified in its claim chart.

164.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '564 Patent.

165.    Bulbrite has not infringed and does not infringe any claim of the '564 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

166.    Exemplary claim 1 of the '564 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light emitting device, comprising: |
| [1.1] | a carrier having a top surface; |
| [1.2] | a first electrode strip disposed on the top surface, and having a first stripe and a plurality of first branches, the first stripe having a first extending direction different from a second extending direction of each of the plurality of first branches; |
| [1.3] | a second electrode strip separated from the first electrode strip, disposed on the top surface, and having a second stripe and a plurality of second branches, the second stripe having a third extending direction different from a fourth extending direction of each of the plurality of second branches; and |
| [1.4] | a plurality of first light-emitting units disposed on the top surface, each of the plurality of first light-emitting units being connected to one of the plurality of |

| | first branches and one of the plurality of second branches. |
|---|---|

167.    By way of example, the Accused Products do not satisfy at least limitation [1.2] of the '564 Patent.

168.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a first electrode strip disposed on the top surface, and having a first stripe and a plurality of first branches, the first stripe having a first extending direction different from a second extending direction of each of the plurality of first branches":

| [1.2] a first electrode strip disposed on the top surface, and having a first stripe | The Bulbrite BT56 Clear 2200K 4W Bulb comprises a first electrode strip disposed on the top surface, and having a first stripe and a plurality of first branches, the first stripe having a |
|---|---|
| and a plurality of first branches, the first stripe having a first extending direction different from a second extending direction of each of the plurality of first branches; | first extending direction different from a second extending direction of each of the plurality of first branches.<br><br>For example, shown below are SEM images of a light emitting device from a Bulbrite BT56 Clear 2200K 4W Bulb that identifies a first electrode strip disposed on the top surface of the carrier, where the first electrode strip has a first stripe and a plurality of first branches, and where the first stripe has a first extending direction different from a second extending direction of each of the plurality of first branches:<br><br><br><br> |



169.    The identified portions of this Accused Product do not include "the first stripe having a first extending direction" as that term would be understood by a person of ordinary skill in the art in view of the '564 Patent. On information and belief, and to the extent that there exists an alleged "first stripe," it does not have an "extending direction" as that term would be understood by a person of ordinary skill in the art in view of the '564 Patent. *See, e.g.,* '564 Patent at 6:47-7:8, Fig. 4C.

170.    Additionally, the identified portions of this Accused Product do not include "the first stripe having a first extending direction different from a second extending direction of each of the plurality of first branches" as that those terms would be understood by a person of ordinary skill in the art in view of the '564 Patent. On information and belief, and to the extent that there exists an alleged "first stripe" and the alleged "plurality of first branches," the alleged "extending direction" of the "first stripe" is not "different" from the "extending direction of each of the plurality of first branches," as the alleged "first branches" also extend in the same direction as the "first stripe." *See, e.g.,* '564 Patent at 6:47-7:8, Fig. 4C.

171.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.2].

172.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a second electrode strip separated from the first electrode strip, disposed on the top surface, and having a second stripe and a plurality of second branches, the second stripe

having a third extending direction different from a fourth extending direction of each of the plurality of second branches":

| [1.3] a second electrode strip separated from the first electrode strip, disposed on the top surface, and having a second stripe and a plurality of second branches, the second stripe having a third extending direction different from a fourth extending direction of each of the plurality of second branches; and | The Bulbrite BT56 Clear 2200K 4W Bulb comprises a second electrode strip separated from the first electrode strip, disposed on the top surface, and having a second stripe and a plurality of second branches, the second stripe having a third extending direction different from a fourth extending direction of each of the plurality of second branches.<br><br>For example, shown below are SEM images of a light emitting device from a Bulbrite BT56 Clear 2200K 4W Bulb that identifies a second electrode strip separated from the first electrode strip, where the second electrode strip is disposed on the top surface, and has a second stripe and a plurality of second branches, and where the second stripe having a third extending direction different from a fourth extending direction of each of the plurality of second branches: |
| --- | --- |
|  | |
|  | |
|  | |

173.    The identified portions of this Accused Product do not include "the second stripe having a third extending direction different from a fourth extending direction of each of the

plurality of second branches" as that those terms would be understood by a person of ordinary skill in the art in view of the '564 Patent. On information and belief, and to the extent that there exists an alleged "second stripe" and the alleged "plurality of second branches," the alleged "extending direction" of the "second stripe" is not "different" from the "extending direction of each of the plurality of second branches," as the alleged "second branches" also extend in the same direction as the "second stripe." *See, e.g.,* '564 Patent at 6:47-7:8, Fig. 4C.

174.    These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '564 Patent.

175.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '564 Patent pursuant to Title 35 of the United States Code.

## <u>COUNT ELEVEN</u>

### DECLARATION OF NON-INFRINGEMENT OF THE '436 PATENT

176.    Bulbrite incorporates by reference its allegations contained in the foregoing paragraphs as though fully set forth herein.

177.    EdisonLED purports to be the owner of all rights, title, and interest in and to the '436 Patent, including the right to enforce the '436 Patent.

178.    EdisonLED attached to the Texas Complaint an "exemplary claim chart" alleging infringement of claim 1 of the '436 Patent by the Accused Product identified in its claim chart.

179.    There is an actual controversy between Bulbrite and EdisonLED as to alleged infringement of the '436 Patent.

180.    Bulbrite has not infringed and does not infringe any claim of the '436 Patent, either directly or indirectly, literally or under the doctrine of equivalents, including with respect to the Accused Products identified in the Texas Complaint.

181.    Exemplary claim 1 of the '436 Patent recites:

| Limitation | Claim Language |
|---|---|
| [1.0] | A light emitting apparatus, comprising: |
| [1.1] | a first light emitting device comprising: |
| [1.2] | a first substrate having a first upper surface and a first bottom surface; |
| [1.3] | a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate; and |
| [1.4] | a first wavelength conversion layer directly contacting the plurality of first LED chips and the first upper surface, and having a first shape in a cross-sectional view; and |
| [1.5] | a second wavelength conversion layer directly contacting first bottom surface, and having a second shape in the cross-sectional view, wherein the second shape is substantially the same as the first shape; |
| [1.6] | a second light emitting device separated from the first light emitting device, and comprising a second substrate and a plurality of second LEDs disposed on the second substrate; and |
| [1.7] | a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle; and |
| [1.8] | a first support arranged between the support base and the first light emitting device. |

182.    By way of example, the Accused Products do not satisfy at least limitations [1.3] and [1.7] of the '436 Patent.

183.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate":

| [1.3] a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a first light emitting device that includes a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate.<br><br>For example, shown below is an SEM image of a light emitting device from a Bulbrite Clear A19 2700K 8.5W Bulb that identifies a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate:<br><br> |
|---|---|

184.    The identified portions of this Accused Product do not include "a plurality of first LED chips disposed on the first upper surface and emitting a light penetrating the first substrate" as those terms would be understood by a person of ordinary skill in the art in view of the '436 Patent. This is apparent from EdisonLED's own claim charts on the same Accused Product (what EdisonLED identifies as the "Bulbrite Clear A19 2700K 8.5W Bulb") for the '022 and '483 patents, which do not show any "LED chips disposed on the first upper surface and emitting a light penetrating the first substrate." *See, e.g.,* '436 Patent at 3:38-45.

185.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.3].

186.    EdisonLED asserted in its claim chart that the Accused Product identified in its claim chart includes "a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle":

| [1.7] a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle; and | The Bulbrite Clear A19 2700K 8.5W Bulb comprises a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle.<br><br>For example, shown below is a Bulbrite Clear A19 2700K 8.5W Bulb with a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle identified: |
|---|---|



187.    The identified portions of this Accused Product do not include "a support base connected to the first light emitting device by a first angle and connected to the second light emitting device by a second angle" as those terms would be understood by a person of ordinary skill in the art in view of the '436 Patent.

188.    This identified portion of this Accused Product is not a "support base" as that term would be understood by a person of ordinary skill in the art in view of the '436 Patent. *See, e.g.,* '436 Patent at 4:61-66, 5:3-67, 6:54-7:40; Figs. 4-9, 12-14.

189.    The identified portions also do not include "a first angle" and "a second angle" as those terms would be understood by a person of ordinary skill in the art in view of the '436 Patent. *See, e.g.,* '436 Patent at 4:61-5:3, 6:22-38, 7:6-32; Figs. 4, 9, 12-14.

190.    Therefore, the Accused Products do not infringe claim 1 as they do not satisfy at least limitation [1.7].

191.    These allegations give rise to an actual and justiciable controversy between Bulbrite and EdisonLED as to the non-infringement of the '436 Patent.

192.    Bulbrite seeks and is entitled to a declaration of non-infringement of the '436 Patent pursuant to Title 35 of the United States Code.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Bulbrite prays for a judgment in its favor, including:

A.  That this Court find and declare that Bulbrite does not infringe and has not infringed, in any manner, the patents-in-suit pursuant to Title 35 of the United States Code;

B.  That this Court issue an injunction against EdisonLED, and all persons acting on its behalf or in concert with it, restraining them from further prosecuting or instituting any action alleging that any Bulbrite product, service, or technology, or others' use thereof, infringes any claim of any of the patents-in-suit;

C.  That this Court award Bulbrite all of its costs of this action;

D.  That this Court find that this is an exceptional case and award Bulbrite its attorneys' fees pursuant to 35 U.S.C. § 285 or otherwise; and

E.  That this Court grant Bulbrite such other and further relief as the Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Under Federal Rule of Civil Procedure 38 and the Seventh Amendment to the United States Constitution, Bulbrite demands a trial by jury of all issues so triable.

## **STATEMENT OF INELIGIBILTY FOR ARBITRATION**

This is an action for a declaratory judgment of patent non-infringement in which the plaintiff is seeking equitable relief. Therefore this action is not subject to compulsory arbitration under L.Civ.R. 201.1.

Dated: May 16, 2025                     Respectfully submitted,

                                        The Law Office of
                                        JASON B. LATTIMORE, ESQ. LLC

                                        By  s/ Jason B. Lattimore
                                            Jason B. Lattimore
                                            55 Madison Avenue, Suite 400
                                            Morristown, NJ 07960
                                            Telephone: (973) 998-7477
                                            Facsimile:  (973) 264-1159
                                            Jason@LattimoreLaw.com

                                        *Of counsel*:

                                        David C. Radulescu, Ph.D. (*pro hac vice*
                                        forthcoming)
                                        Etai Lahav (*pro hac vice* forthcoming)
                                        Michael Sadowitz (*pro hac vice* forthcoming)
                                        **RADULESCU LLP**
                                        5 Penn Plaza, 19th Floor
                                        New York, New York 10001
                                        Telephone: (646) 502-5950
                                        Facsimile: (646) 502-5959
                                        david@radip.com
                                        etai@radip.com
                                        mike@radip.com

                                        Kevin S. Kudlac (*pro hac vice* forthcoming)
                                        **RADULESCU LLP**
                                        111 Congress Avenue, Ste. 500
                                        Austin, TX 78701
                                        Telephone: (512) 656-5743
                                        kevin@radip.com

                                        ***Attorneys for Plaintiff,***
                                        ***Bulbrite Industries, Inc.***

**CERTIFICATION PURSUANT TO LOCAL CIVIL RULE 11.2**

Pursuant to Local Civil Rule 11.2, I hereby certify under penalty of perjury that the matter in controversy is the subject of the lawsuit captioned *EdisonLED LLC v. Bulbrite Industries, Inc.*, No. 3:25-cv-00679-S (N.D. Tex.) (Mar. 20, 2025). To the best of my knowledge, the matter in controversy is not the subject of any additional action pending in any other court or of any pending arbitration or administration proceeding.

Dated: May 16, 2025                        s/ Jason B. Lattimore
                                           Jason B. Lattimore